**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

GARRY L. DOLES,

Plaintiff,

v. Case No. 5:26-cv-171-MW-MJF

JUDGE CLARK, *et al.*,

Defendants.
___________________________________/

## REPORT AND RECOMMENDATION

In this § 1983 action, the undersigned struck Plaintiff's complaint because it was a "shotgun" pleading. Plaintiff filed an amended complaint, which also is a "shotgun" pleading. Doc. 5. The District Court, therefore, should dismiss this civil action.

### BACKGROUND

### A. Plaintiff's Initial Complaint

On June 25, 2026, Plaintiff initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff attempted to assert claims under the Fourth, Sixth, and Fourteenth Amendments against Defendants. *Id.* at 1–3.

## B. <u>**The Undersigned Struck Plaintiff's Complaint Because it was a "Shotgun" Pleading**</u>

On June 26, 2026—because Plaintiff's complaint violated Rules 8 and 10 of the Federal Rules of Civil Procedure—the undersigned struck Plaintiff's complaint and ordered Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure. Doc. 4. In doing so, the undersigned provided detailed instructions to ensure that Plaintiff complied with the Federal Rules of Civil Procedure. Among other things, the undersigned specifically instructed Plaintiff that his complaint was deficient because Plaintiff failed to number his paragraphs, failed to connect his factual allegations to his claims, and failed to separate his claims into separate counts. *Id.* at 2–3.

## C. <u>**Plaintiff Filed Another "Shotgun" Pleading**</u>

On July 26, 2026, Plaintiff filed his amended complaint. Doc. 5. In his amended complaint, Plaintiff is suing multiple Defendants, but Plaintiff does not specify exactly whom he is suing. *Id.* at 2–3. Plaintiff purports to assert claims under the Fourth, Sixth, and Fourteenth Amendments, but Plaintiff does not specify exactly what his claims under these Amendments are. *Id.* at 8.

Although he asserts multiple claims, Plaintiff does not specify which of his allegations pertain to each claim. Plaintiff also does not Plaintiff number his paragraphs nor does Plaintiff separate his claims into separate counts. Thus, Plaintiff's amended complaint violates the undersigned's order of June 26, 2026, and the Federal Rules of Civil Procedure. *See* Doc. 4.

## **DISCUSSION**

The District Court should dismiss this civil action because Plaintiff's amended complaint constitutes an impermissible "shotgun" pleading that violates the Federal Rules of Civil Procedure.

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party must state its claims "in numbered paragraphs each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

The purpose of these rules is "to require the pleader to present his claims discretely and succinctly" so the opposing party and the court can

discern the nature of the plaintiff's claims. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019).

A district court has the inherent authority to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). A district court that receives a shotgun pleading must give a plaintiff "one chance to remedy such deficiencies." *Id.* But once a plaintiff squanders the opportunity to corrected such deficiencies and files another shotgun pleading, the district court has the authority to dismiss the complaint. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

Here Plaintiff asserts three claims. Doc. 5 at 4–7, 8. Plaintiff, however, does not specify anywhere in his complaint which factual allegations pertain to which claim. This violates the Federal Rules of Civil Procedure insofar as Plaintiff does not connect his allegations "to any particular cause of action." *Weiland*, 792 F.3d at 1322. Thus, Plaintiff

forces the reader of the complaint to "speculate as to which factual allegations pertain to which count." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997). The Federal Rules, however, prohibit that.

Plaintiff's amended complaint also violates the Federal Rules of Civil Procedure because Plaintiff does not number his paragraphs nor does Plaintiff separate "into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322; *see* Fed. R. Civ. P. 10(b). A plaintiff cannot "simply allege facts and let the district court figure things out from there." *McCreight v. Auburn Bank*, 117 F.4th 1322, 1332 (11th Cir. 2024).

"[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff." *Barmapov*, 986 F.3d at 1328 (Tjoflat, J., concurring). Furthermore, the undersigned *specifically* instructed Plaintiff to correct the deficiencies discussed above. Doc. 4 at 2–3. Plaintiff, however, failed to follow the undersigned's instructions.

Because Plaintiff filed a second "shotgun" pleading—after the undersigned struck his previous shotgun complaint and instructed him

to comply with the Federal Rules of Civil Procedure—the District Court should dismiss this civil action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1. **DISMISS** this civil action; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida this 20th day of July 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**